UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MITCHELL LEACH, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:19-CV-1876-ACL |
| RICHARD JENNINGS, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner Mitchell Leach's motion for leave to proceed in forma pauperis in this habeas corpus action brought pursuant to 28 U.S.C. § 2241.[1] After reviewing petitioner's financial information, the Court will grant the motion. Additionally, for the following reasons, the Court finds that petitioner's claim is not cognizable in a federal habeas proceeding and will dismiss the petition.

### Standard on Initial Review

On initial review, the court may summarily dismiss a § 2241 petition without ordering a response if "it appears from the application [for a writ of habeas corpus] that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. For the reasons discussed below, summary dismissal is appropriate in this case.

### Discussion

Petitioner, a Missouri inmate, has filed this petition pursuant to 28 U.S.C. § 2241 challenging the Missouri Department of Corrections' appropriation of jail time credits to his

---

[1] On July 16, 2019, the Court received full consent to the jurisdiction of the undersigned Magistrate Judge to conduct all proceedings in this case in accordance with the provisions of 28 U.S.C. § 636(c)(1). *See* ECF No. 4.

sentence under Missouri Revised Statute § 558.031. In his motion, petitioner states that he is entitled to 1,163 days of jail time credit arising out of the Missouri Department of Corrections' miscalculation of his sentences in two state court criminal cases, *State v. Leach*, No. 10JE-CR04159-01 (23rd Jud. Cir., Jefferson Cty.), and *State v. Leach*, No. 11JE-CR05107-01 (23rd Jud. Cir., Jefferson Cty.). On August 13, 2018, petitioner filed these same claims in a declaratory judgment action the Circuit Court of Cole County, Missouri. *See Leach v. Missouri Dept. of Corr.*, No. 18AC-CC00326 (19th Jud. Cir., Cole Cty.). On February 25, 2019, the state court granted summary judgment in favor of the Missouri Department of Corrections.[2] Petitioner did not appeal this judgment.

Having carefully reviewed the petition and the underlying record, the Court concludes petitioner's claim is not cognizable in a federal habeas proceeding because it requires consideration of Missouri's jail time credit statutory provisions, specifically Missouri Revised Statute § 538.031. *See Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991) (finding petitioner's claim for jail time credit under a state statute was "a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction"); *Collar v. Minor*, No. 4:12-CV-602-TCM, 2015 WL 2145254, *4 (E.D. Mo. May 7, 2015) (finding petitioner's claim for jail time credit under Mo. Rev. Stat. § 558.031 not cognizable in a federal habeas proceeding). A federal court does not have jurisdiction to issue a writ of habeas corpus to a person in state custody unless the inmate "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The instant petition challenges the manner in which petitioner's sentence is being

---

[2] The February 25, 2019 memorandum, order, and judgment sets out the complete procedural history of petitioner's state court cases and sentences. *Leach v. Mo. Dept. of Corr.*, No. 18AC-CC00326 (19th Jud. Cir. Feb. 25, 2019).

executed under state law. As a result, petitioner's claim for relief is not cognizable, and the Court will summarily dismiss the petition.

To the extent petitioner asserts that the execution of his state court sentences is unconstitutional as an *ex post facto* law, this assertion is without merit. The Constitution forbids the application of any new punitive measure to a crime already committed. *See Lindsey v. Washington*, 301 U.S. 397, 400-01 (1937). A criminal or penal law that is retrospective and disadvantages a criminal offender violates the Constitution as *ex post facto*. *See Weaver v. Graham*, 450 U.S. 24, 29-30 (1981). Although petitioner claims he "is serving a sentence in violation of the United States Constitution's ex post facto clause," he cites to no statute that is being applied retroactively to him. His petition merely challenges how the Missouri Department of Corrections calculates his jail time credit under Missouri Revised Statute § 558.031. This is not a violation of the Constitution's *ex post facto* prohibition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate order of dismissal will accompany this memorandum and order.

Dated this 14th day of February, 2020.

ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE